UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOSEPH,<br><br>    Plaintiff,<br><br>E. MERAZ, et al..<br><br>    Defendants. | No. 2:18-cv-3186 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, finds plaintiff has stated some cognizable claims, and gives plaintiff an opportunity to either amend his complaint or proceed on the cognizable claims in his current complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

**A. Allegations of the Complaint**

Plaintiff complains of conduct that occurred at High Desert State Prison in 2017. Plaintiff identifies fifteen defendants: (1) Correctional Sergeant ("CS") E. Meraz; (2) CS J. Smith; (3) Correctional Officer ("CO") A. Mendoza; (4) CO F. Hartwick; (5) CO A. D'Andrade; (6) CO S. Proffer; (7) CO C. Thompson; (8) CO D. Valle; (9) CO J. Carrillo; (10) CO J. Contreras; (11) CO B. Graham; (12) CO S. Meadows; (13) CO P. Denmark; (14) CO S. Shaver; and (15) CO S. Prince. (ECF No. 1 at 3-4.)

Plaintiff alleges that on December 7, 2017, while on the exercise yard, all inmates were ordered to get down. Plaintiff complied, sitting down on the basketball court where he had been standing. Officers then formed a "skirmish line" near the basketball court. Defendant Smith ordered plaintiff and two other inmates to "get up and move back." As soon as plaintiff stood up, and without any warning, he was pepper sprayed in the face by defendant Meraz. (ECF No. 1 at 3, 5-6, 8.)

////

3

The pepper spray caused plaintiff's asthma to flare up and he had difficulty breathing. He told officers who summoned medical help. A nurse placed plaintiff in a wheelchair and took him to be "decontaminated." (ECF No. 1 at 5.)

On December 14, 2017, plaintiff filed a staff complaint for the unnecessary use of force. A hearing was held on plaintiff's complaint on December 30, 2017. Shortly after that, on January 9, 2018, plaintiff was issued a Rules Violation Report, based on reports by defendants Meraz and Smith, which alleged plaintiff had "obstructed a peace officer" by refusing the order to get down and becoming "verbally threatening." Plaintiff contends this report is fabricated. (ECF No. 1 at 5, 7.)

Plaintiff further alleges that defendants Carrillo, Contreras, D'Andrade, Denmark, Fehr,[1] Graham, Hartwick, Meadows, Prince, Proffer, Shaver, and Thompson all were present when Meraz sprayed plaintiff in the face and failed to "report the wrong doing" which is "consistent with the culture of 'CODE OF SILENCE' AT HIGH DESERT STATE PRISON." (ECF No. 1 at 9-12.)

Plaintiff seeks declaratory relief, damages, and rescission of the "retaliatory" RVR. (ECF No. 1 at 14.)

### B. Does Plaintiff State Cognizable Claims?

Plaintiff alleges: (1) defendant Meraz used excessive force in violation of the Eighth Amendment; (2) defendants Meraz and Smith violated his First Amendment rights when they falsely accused plaintiff of obstructing a peace officer in retaliation for plaintiff's filing of a staff complaint; and (3) the remaining defendants failed to report Meraz's wrongdoing in an attempt to conceal what happened.

#### 1. Eighth Amendment Excessive Force

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither

---

[1] Plaintiff did not identify defendant Fehr in his initial list of defendants but includes this CO in the description of officers who failed to report the "wrong doing."

4

accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson, 503 U.S. at 5 (citing Whitley, 475 U.S. at 320). In order to prevail on a claim of cruel and unusual punishment, however, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

For claims arising out of the use of excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson, 503 U.S. at 7). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8, and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10).

Plaintiff contends defendant Meraz unnecessarily sprayed plaintiff in the face with pepper spray after plaintiff complied with an order from defendant Smith to get up and move back. Plaintiff has adequately alleged a claim of excessive force against defendant Meraz.

**2. First Amendment Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff alleges defendants Meraz and Smith falsified an RVR report in retaliation for plaintiff's filing of a staff complaint against them. Plaintiff's filing of the staff

5

complaint qualifies as protected conduct under the First Amendment. Id. at 567–68. Accordingly, plaintiff has alleged a potentially cognizable claim of First Amendment retaliation against defendants Meraz and Smith.

### 3. Failure to Report Staff Misconduct

Plaintiff generally states that the remaining defendants' failure to report Meraz's wrongdoing amounted to deliberate indifference. However, plaintiff does not show that he has a constitutional right to have officers report the wrongdoing of other officers. The court finds no basis for such a claim, particularly in light of caselaw showing that plaintiff has no constitutional right to be free of false charges. Cf. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (no right to be free of false charges). Further, plaintiff does not allege that these officers failed to take reasonable measures to protect him from a threat of serious physical harm or injury in violation of the Eighth Amendment. See Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (To establish a violation of the duty to protect, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." (Citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002).).) Accordingly, the court finds plaintiff has failed to state a potentially cognizable claim for relief against defendants Carrillo, Contreras, D'Andrade, Denmark, Fehr, Graham, Hartwick, Meadows, Prince, Proffer, Shaver, and Thompson.[2]

### CONCLUSION

The court finds above that plaintiff has stated the following potentially cognizable claims: (1) for excessive force in violation of the Eighth Amendment against defendant Meraz; and (2) for retaliation in violation of the First Amendment against defendants Meraz and Smith. Plaintiff fails to state a claim against the remaining defendants. Based on plaintiff's description of the facts, the court doubts that he can do so. However, plaintiff will be permitted an opportunity to amend his complaint to attempt to state a claim against those defendants. In the alternative, plaintiff may proceed on the claims against Meraz and Smith that the court finds potentially

---

[2] Plaintiff identified a defendant Mendoza in the list of defendants. However, the court found no allegations against Mendoza in the body of plaintiff's complaint.

cognizable. Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be

set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's claims against defendants Carrillo, Contreras, D'Andrade, Denmark, Fehr, Graham, Hartwick, Meadows, Prince, Proffer, Shaver, Thompson, and Mendoza are dismissed with leave to amend.
3. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
    a. If plaintiff chooses to proceed on his current Eighth Amendment excessive force claim against defendant Meraz and his First Amendment retaliation claim against defendants Meraz and Smith, he shall so notify the court within thirty days.  The court will then order service of the complaint on these two defendants and will recommend dismissal of plaintiff's remaining claims and the remaining defendants.
    b. If plaintiff chooses to amend his complaint, within thirty days from the date of service of this order, he must file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, will result in the case proceeding on plaintiff's Eighth Amendment and

8

First Amendment claims identified above. The court will then recommend dismissal of plaintiff's remaining claims.

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: February 25, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/jose3186.scrn lta